**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IMELDA AREVALO | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-5075 |
| | : | |
| OMNI INSURANCE COMPANY, et al., | : | |
|     Defendants. | : | |

**September 29, 2020**                                                                                             **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Imelda Arevalo is a New Jersey resident. On July 21, 2018, Arevalo was a passenger in a car owned by Francisco Duran. Duran's car was struck in the rear by a driver who fled the scene of the accident. As a result, Arevalo suffered several injuries. The car accident happened in Trenton, New Jersey. Because Arevalo did not know the identity of the driver who struck the vehicle she was a passenger in, she was unable to seek compensation from him or her. Instead, Arevalo sought compensation from Duran—the owner of the car she was a passenger in at the time of the accident.

Duran is a Pennsylvania resident. When the accident occurred, his car was registered in Pennsylvania and insured by Defendant Omni Insurance Company. Duran's automobile insurance policy, issued by Omni, provided $5,000 in Personal Injury Protection ("PIP") and no Uninsured Motorist coverage ("UM"). Because the accident occurred in New Jersey, Arevalo requested that Omni Insurance Company provide her benefits under New Jersey's deemer statute, N.J.S.A. 17:28-14, which, if applicable, requires an insurer to provide minimum compulsory coverage in the amount of $250,000 of PIP benefits and $15,000 of UM benefits.[1]

---

[1] "N.J.S.A. 17:28–1.4 apparently acquired its name as the Deemer Statute because it 'deems' New Jersey insurance coverage and tort limitations to apply to out-of-state policies." *Zabilowicz v. Kelsey*, 984 A.2d 872, 874 n.2 (N.J. 2009).

Omni Insurance Company rejected Arevalo's request for benefits under New Jersey's deemer statute based on the belief that it was not subject to the deemer statute. As a result, Arevalo brings suit against Defendants Omni Insurance Company ("Omni"), American Independent Insurance Company ("American Independent"), A Good2Go Auto Insurance Company ("A Good2Go Company"), and Good2Go Auto Insurance ("Good2Go Insurance") for compensatory and punitive damages, alleging that Defendants acted in bad faith when Omni refused to provide Arevalo benefits under the deemer statute.[2]

The parties have filed cross-motions for summary judgment. For purposes of resolving these cross-motions, the parties agree on all material facts. Their motions raise a purely legal question—whether Omni is required to provide Arevalo with PIP and UM benefits in accordance with the New Jersey deemer statute. For the reasons explained below, Omni is subject to the deemer statute and must provide the minimum compulsory PIP and UM benefits to Arevalo. Therefore, I will grant Arevalo's motion for summary judgment[3] and I will deny Defendants' motion for summary judgment.

## I. STIPULATED FACTS[4]

Omni is an Illinois insurance corporation that issued the insurance policy at the center of this litigation.[5] Stipulation ¶¶ 3-4, ECF No. 21. Omni is not authorized to transact any business

---

[2] I exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between Arevalo and all Defendants.

[3] Arevalo's motion for summary judgment is technically only a motion for partial summary judgment because, as Arevalo points out, she is requesting additional relief that still needs to be determined. *See* Pl.'s Summ. J. Mot. 2-3, ECF No. 22.

[4] The stipulated facts are taken from the parties' Stipulation entered on the docket on March 5, 2020. *See* Stipulation, ECF No. 21.

[5] Defendant Good2Go Insurance is an insurance agency that did not issue the policy in question. Stipulation ¶ 2.

in New Jersey and does not issue any automobile insurance coverage in New Jersey. *Id.* ¶¶ 6-7. Omni is an indirect subsidiary of American Independent Companies, Inc.[6] *Id.* ¶ 5. Personal Service Insurance Company ("PSIC") is also an indirect subsidiary of American Independent Companies, Inc.[7] *Id.* ¶ 8. PSIC is authorized to transact automobile insurance business in New Jersey. *Id.* ¶ 9. "[D]efendants and PSIC are controlled by and the [sic] under common control within the meaning of the New Jersey Deemer Statute NJSA 17:28-1.4 by the same entity." *Id.* ¶ 12. "Defendants do not dispute that Omni Insurance Company and Personal Service Insurance Company . . . are 'affiliated' within the meaning of the NJ Deemer Statute and case law construing the NJ Deemer statute, as both are indirect subsidiaries of American Independent Companies, Inc." *Id.* ¶ 13.

## II. STANDARD OF REVIEW

Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment standard is the same for cross-motions as it is when only one party moves for summary judgment. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016). When facing cross-motions for summary judgment, the "court must rule on each party's motion on an individual and separate basis, determining, for each side, whether judgment may be entered in accordance with the Rule 56 standard." *Id.* (internal quotation marks omitted).

---

[6] Defendant American Independent is a subsidiary of American Independent Companies, Inc. Stipulation ¶ 10.

[7] PSIC is a Defendant A Good2Go Company. Stipulation ¶ 8.

## II. DISCUSSION

### A. Whether Omni is Subject to the Deemer Statute[8]

The New Jersey deemer statute provides:

[1]Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A-4) or section 19 of P.L.1983, c. 362 (C.17:28-1.3) for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A-4) or section 4 of P.L.1998, c. 21(C. 39:6A-3.1) and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[2]In addition, *any insurer* authorized to transact or transacting automobile or motor vehicle insurance business in this State, *or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State*, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of subsection a. of section 1 of P.L.1972, c. 197 (C.39:6B-1) or section 3 of P.L.1972, c. 70 (C.39:6A-3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L.1968, c. 385 (C.17:28-1.1), and personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A-4) or of section 19 of P.L.1983, c. 362 (C.17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

---

[8] The Third Circuit has explained:

> When interpreting state law, we follow a state's highest court; if that state's highest court has not provided guidance, we are charged with predicting how that court would resolve the issue. *Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 436 (3d Cir.2006). To do so, we must take into consideration: (1) what that court has said in related areas; (2) the decisional law of the state intermediate courts; (3) federal cases interpreting state law; and (4) decisions from other jurisdictions that have discussed the issue.

*Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 231 (3d Cir. 2011) (citation omitted).

N.J. Stat. Ann. § 17:28-1.4 (emphasis added).[9] Although Omni is not authorized to transact any business in New Jersey, PSIC is authorized to transact automobile insurance business in New Jersey. Because the accident occurred in New Jersey and PSIC is authorized to conduct automobile insurance in the State, Arevalo contends that Omni is subject to the second provision of the deemer statute because Omni and PSIC are under common control. The parties have stipulated that Omni and PSIC are "controlled by and the [sic] under common control within the meaning of the New Jersey deemer statute NJSA 17:28-1.4 by the same entity" and are affiliated companies that are both indirect subsidiaries of American Independent Companies, Inc. Stipulation ¶¶ 12-13. Despite the stipulation, Defendants argue that Omni is not subject to the deemer statute because it is not authorized to transact any insurance business in New Jersey.

"With a question of statutory construction, we begin with the language of the statute as the surest indicator of legislative intent." *Felix v. Richards*, 226 A.3d 937, 942 (N.J. 2020). "It is our purpose to give life to the statutory language, not to 'rewrite a plainly-written enactment of the Legislature.'" *Zabilowicz v. Kelsey*, 984 A.2d 872, 875 (N.J. 2009) (quoting *DiProspero v. Penn*, 874 A.2d 1039, 1048 (N.J. 2005)). "[W]e apply the bedrock assumption that the Legislature did not use any unnecessary or meaningless language, so a court should try to give effect to every word of [a] statute .... [rather than] construe [a] statute to render part of it superfluous." *Felix*, 226 A.3d at 944 (internal quotation marks omitted). Thus, the presumption is "that 'every word' in the deemer statute . . . 'has meaning and is not mere surplusage.'" *Id.* (quoting *Cast Art Indus., LLC v. KPMG LLP*, 36 A.3d 1049 (N.J. 2012)). "Only if the words of

---

[9] "Pennsylvania courts do not 'treat the application of the "deemer" statute as presenting a conflict of laws question,' but rather, as an issue of judicial comity." *Goldman v. Allstate Ins. Co.*, No. CV 15-5084, 2016 WL 75407, at *2 (E.D. Pa. Jan. 7, 2016) (quoting *DiOrio v. Nationwide Mut. Ins. Co.*, 17 F.3d 657, 659 (3d Cir. 1994)). "In essence, what the Pennsylvania courts have done is to read the 'deemer' statute as being theoretically, although not physically, attached to the Pennsylvania policy in the nature of an endorsement applicable to an accident occurring in New Jersey." *DiOrio*, 17 F.3d at 660.

the enactment are shrouded in ambiguity will we turn to other sources in search of legislative intent." *Zabilowicz*, 984 A.2d at 875.

Here, the plain language of the second provision of the deemer statute indicates that the subject of the provision is "any insurer" who is "authorized to transact or transacting automobile or motor vehicle business in this State, <u>or</u> controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State." N.J.S.A. § 17:28-1.4 (emphasis added). The modifiers of the subject are set forth by use of the word "or"—"its ordinary use is almost always disjunctive, that is, the words it connects are to 'be given separate meanings.'" *United States v. Woods*, 571 U.S. 31, 45 (2013) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). Thus, the language of the deemer statute indicates that it applies to insurers who are either: (1) *authorized to transact or transacting* automobile or motor vehicle business in New Jersey; (2) *controlling* an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State; (3) *controlled by* an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State; (4) under *common control by* an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State; or (5) under *common control with* an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State.

Despite the absence of any such requirement in the statutory language, Defendants contend that only insurers authorized to transact insurance business in New Jersey are subject to the deemer statute. To read this requirement into the statute would render superfluous the "controlling or controlled by, or under common control by, or with" language in the statute. This language extends the reach of the second provision of the deemer statute to any insurer who does

not transact automobile insurance in New Jersey so long as the insurer is affiliated with an insurer authorized to transact or transacting automobile or motor vehicle insurance business in New Jersey. *See Cupido v. Perez*, 2 A.3d 1159, 1163 (N.J. Super. Ct. App. Div. 2010) (concluding based on the plain language "that the deemer statute imposes an obligation to provide certain New Jersey automobile insurance coverages upon an out-of-state insurer that itself, *or through an affiliated entity*, is authorized to transact either private passenger automobile or other motor vehicle insurance business in the State, including commercial motor vehicle insurance")(emphasis added)). *But see Gov't Employees Ins. Co. v. Allstate Ins. Co*., 818 A.2d 474, 478 (N.J. Super. Ct. App. Div. 2003) (concluding that the phrase "controlling or controlled by, or under common control by, or with" is ambiguous). Because the parties agree that "[D]efendants and PSIC are controlled by and the [sic] under common control within the meaning of the New Jersey Deemer Statute NJSA 17:28-1.4 by the same entity," Stipulation ¶ 12, the plain language indicates that Omni is subject to the deemer statute notwithstanding that it is not authorized to transact insurance business in New Jersey.

To the extent that there is any doubt as to the plain language interpretation of the statute, the legislative history also supports Plaintiffs' reading of the deemer statute. Defendants rely on *Government Employees Insurance Company v. Allstate Insurance Company*, 818 A.2d at 482-84 ("*Geico*") to argue that the deemer statute contains a legislative assumption that it does not apply to insurers who are not authorized to transact insurance business in New Jersey. The Supreme Court of New Jersey, however, recently analyzed the legislative history of the deemer statute to conclude:

> When originally enacted, the statute applied to insurers who sold policies providing automobile or motor vehicle coverage and who were either authorized to sell automobile or motor vehicle insurance in New Jersey *or were legally affiliated with*

> *insurers authorized to sell insurance* -- of any kind, whether automobile/motor vehicle insurance or not -- in New Jersey.

*Felix*, 226 A.3d at 945 (emphasis added).  The *Felix* court further explained:

> Through a 1998 amendment, . . . the Legislature lightened the regulatory burden on one category of insurer: affiliates of insurers who sell only non-motor vehicle and non-automobile insurance in New Jersey. *See Cooper Hosp.*, 378 N.J. Super. at 517, 876 A.2d 335. The Legislature added language (creating a new, and currently the first, sentence of the deemer statute) . . . limit[ing] the coverage that affiliates of insurers transacting only non-motor vehicle/automobile insurance needed to provide under the deemer statute, [but] it was understood as not "effect[ing] a change in the coverage required of" the other two types of insurers to which the deemer statute applied: New Jersey authorized automobile/motor vehicle insurers and affiliates of such insurers.

*Id.*

In *Cooper Hospital University Medical Center v. Prudential Insurance Company*, the Superior Court of New Jersey also concluded that the deemer statute as originally enacted "applied both to insurance companies authorized to transact auto insurance business in New Jersey and to insurance companies not so authorized, but who controlled or were controlled by an insurance company that was conducting *general* insurance business in New Jersey."  876 A.2d 335, 339 (N.J. Super. Ct. App. Div. 2005).  After examining the legislative statement explaining the 1998 amendment to the deemer statute, the *Cooper* court deduced:

> [T]he only coverage limitation applies to out-of-state insurance companies that do not conduct auto business in New Jersey and whose New Jersey affiliates also do not conduct auto insurance business. The legislative statement refers to no other limitation and we discern none from the legislative record. Nothing in the explanatory statement suggests that the original pre-amendment version of the legislation should be read in any different light to reduce the coverage clearly provided therein.

*Id.* at 341.  Ultimately, the *Cooper* court "conclude[d] from the plain language, structure, history, and purpose of the legislation that the amendatory text did not effect a change in the coverage of companies that are either . . . authorized to transact auto insurance business in New Jersey *or*

*affiliated* with companies writing auto insurance in New Jersey." *Id.* (emphasis added).

Both the plain language and history of the deemer statute indicate that the second provision of the deemer statute applies to any insurer who is affiliated with an insurer authorized to transact or transacting automobile or motor vehicle insurance business in New Jersey. Because the parties agree that "Omni Insurance Company and Personal Service Insurance Company . . . are 'affiliated' within the meaning of the NJ Deemer Statute and case law construing the NJ Deemer statute," Stipulation ¶ 13, Omni is subject to the deemer statute.

### B. Whether Subjecting Omni to the Deemer Statute Presents Constitutional and Jurisdictional Problems

Defendants argue that even if Omni is subject to the deemer statute under New Jersey law, the deemer statute cannot be enforced against Omni because applying the deemer statute to an insurer that is not authorized to transact insurance business in New Jersey presents "jurisdictional and constitutional problems." Defs.' Summ. J. Mem. 13, ECF No. 24-1. Arevalo points out that Defendants provide a dearth of legal support for this assertion and argues that applying the deemer statute to Omni does not present any constitutional or jurisdictional concerns.

Defendants rely almost exclusively on *Geico* to argue that application of the deemer statute presents constitutional problems. In *Geico*, the court noted that:

> constitutional problems . . . would be created if New Jersey asserted jurisdiction over out-of-state companies not transacting any business in this State and without any ties to this State. "[A] state is without power to exercise extra-territorial jurisdiction by attempting to regulate and control activities wholly beyond its boundaries." We do not mean to suggest, however, that the jurisdiction and constitutional problems are insurmountable. They may not be.

818 A.2d at 485 (citation omitted) (quoting *Adams v. Keystone Ins. Co.*, 624 A.2d 1008, 1012 (N.J. Super. Ct. App. Div. 1993)). Neither the *Geico* court nor Defendants have identified

exactly what those constitutional problems might be and under what circumstances these problems would be insurmountable. More importantly, "[t]he right of a state to impose liability on a carrier issuing a policy in another state, where the policy terms do not provide for such liability, has withstood constitutional attack." *D'Orio v. W. Jersey Health Sys.*, 797 F. Supp. 371, 374 (D.N.J. 1992).

In *Watson v. Employers Liability Corporation*, 348 U.S. 66 (1954), the Supreme Court upheld as constitutional a Louisiana law which provided that persons injured in Louisiana could bring a direct cause of action against the tortfeasor's insurance company, even if the insurance policy, drafted under another state's laws, specifically barred such an action. The Supreme Court rejected arguments that the statute violated the Equal Protection, Due Process, and the Full Faith and Credit clauses of the Constitution, explaining:

> As a consequence of the modern practice of conducting widespread business activities throughout the entire United States, this Court has in a series of cases held that more states than one may seize hold of local activities which are part of multistate transactions and may regulate to protect interests of its own people, even though other phases of the same transactions might justify regulatory legislation in other states.

*Id.* at 72. In rejecting the applicability of the due process principle that a state is without power to exercise extra territorial jurisdiction over activities wholly beyond its boundaries, the Court explained:

> Louisiana's direct action statute is not a mere intermeddling in affairs beyond her boundaries which are no concern of hers. Persons injured or killed in Louisiana are most likely to be Louisiana residents, and even if not, Louisiana may have to care for them. . . . Louisiana has manifested its natural interest in the injured by providing remedies for recovery of damages.

*Id.* Because of "the vital interests of Louisiana in liability insurance that covers injuries to people in that State," *id.* at 73, the Supreme Court held that "Louisiana has a constitutional right

to subject foreign liability insurance companies to the direct action provisions of its laws whether they consent or not," *id.* at 74.

Applying the principles established by the Supreme Court in *Watson*, courts have held that the New Jersey deemer statute is constitutional because New Jersey has the same interest in N.J.S.A 17:28-1.4 as Louisiana had in its "deemer statute"—liability insurance for people injured in its state. *D'Orio*, 797 F. Supp. at 374; *Adams*, 624 A.2d at 1013-14. "New Jersey has an interest in ensuring that persons injured in this state receive prompt and proper medical care and in assuring that the medical care facilities and practitioners who provide such care will be paid." *Adams*, 624 A.2d at 1013. Because the deemer statute protects these vital interests of New Jersey it does not present constitutional problems.

## IV. CONCLUSION

Omni is subject to the deemer statute and must provide the minimum compulsory PIP and UM benefits to Arevalo. Therefore, I will grant Arevalo's motion for summary judgment and I will deny Defendants' motion for summary judgment.[10] Because Arevalo is requesting additional relief beyond a ruling that Omni is subject to the deemer statute, the parties will be ordered to meet and confer and provide a joint proposed scheduling order.

 s/ANITA B. BRODY, J.     
ANITA B. BRODY, J.

---

[10] In their Statement of Facts, Defendants state: "The only true party to this action is Omni Insurance Company, which issued the police [sic] for the vehicle in which Plaintiff was a passenger. It is unclear why Plaintiff included the remaining Defendants, when she admits they did not write the policy in question." Defs.' Summ. J. Mem. 5. Because they do not move for dismissal of any Defendants on this basis, however, Plaintiffs may proceed with this action against all Defendants.